UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MIN GUI NI, GONG SHAO CHEN, DE
XING HAN, JING TIAN JIANG, SHI
CHEN, DA YU ZHENG, NAI GUANG LIN
and ZHEN ZHAI WU, on behalf of
themselves and all others similarly situated,

                                           Plaintiffs,

                   -against-

BAT-YAM FOOD SERVICES INC. d/b/a
YAFFA CAFÉ, LGR FIRST CORP. d/b/a
SIMONE MARTINI BAR, AMIR RAMATI,
LIKA RAMATI, ERAN RAMA TI, and
JOHN DOES #1-10, JANE DOES #1-10,
COMPANY ABC #1-10,

                                  Defendants.
-------------------------------------------------------------x

*1- 27-16*

1:13-cv-07274 (ALC) (JCF)

<u>AMENDED OPINION AND
ORDER</u>

ANDREW L. CARTER, JR., United States District Judge:

      On January 22, 2016, this Court issued an Opinion and Order entering judgment in this

case. In its final two pages, the Order entered judgments for Plaintiffs for prejudgment interest

calculated from a date in **2015**, when in fact it should have been calculated from a date in **2016**.

This Opinion and Order corrects those mistakes and enters judgment in the amounts below.

      On April 2, 2015, this Court granted summary judgment in part and denied it in part.

(ECF No. 66 ("Summ. J. Order")). Specifically, the Court granted summary judgment against

Defendant Yaffa Café: (1) as to all Fair Labor Standards Act ("FLSA") claims by Plaintiffs

Gong Shao Chen, Shi Chen, De Xing Han, Jing Tian Jiang, Min Gui Ni, and Da Yu Zheng for

unpaid overtime wages and liquidated damages; (2) as to all New York Labor Law ("NYLL")

claims by Plaintiffs Gong Shao Chen, Shi Chen, De Xing Han, Jing Tian Jiang, Min Gui Ni,

Zhen Zhai Wu, and Da Yu Zheng for unpaid overtime wages and liquidated damages; (3) as to

attorneys' fees and costs for Plaintiffs Gong Shao Chen, Shi Chen, De Xing Han, Jing Tian Jiang, Min Gui Ni, and Da Yu Zheng under the FLSA or NYLL; and 4) as to attorneys' fees and costs for Plaintiff Zhen Zhai Wu only under the NYLL.

The Court ordered supplemental briefing as to four issues:

(1) The retroactivity of the 2009 and 2010 amendments to the NYLL, affecting the amount of liquidated damages;

(2) Issues with double recovery of liquidated damages under the FLSA and NYLL;

(3) The applicability of prejudgment interest to joint FLSA/NYLL actions; and

(4) The parties' positions as to attorneys' fees and costs.

(ECF Nos. 66, 69.) Plaintiff filed a memorandum of law addressing the first three issues on April 6, 2015, and filed a supplemental brief addressing attorneys' fees on December 14, 2015. (ECF No. 70.) Having considered that briefing, the Court enters judgment as follows.

## DISCUSSION

### I. Legal Standard

#### a. Damages Under the FLSA and NYLL Generally

Both federal and state law mandate that an employee be paid at a rate not less than one-and-a-half times the regular rate for any time worked beyond the first 40 hours per week. 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2 (overtime rate calculated in the same manner as under the FLSA). The FLSA imposes a two-year statute of limitations period for actions brought under that statute, unless the defendants' violation was willful. 29 U.S.C. § 255(a). That period may be extended to three years for willful violations. Id. The NYLL affords a longer, six-year statute of limitations period. N.Y. Lab. Law § 663(3). "Because plaintiffs may not recover under both the FLSA and the NYLL for the same injury, courts allow plaintiffs to recover under the statute that

provides for the greatest relief." Eschmann v. White Plains Crane Serv., Inc., No. 11 Civ. 5881 (KAM), 2014 WL 1224247, at *7 (E.D.N.Y. Mar. 24, 2014) (citing Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725 (Chin, J.), 2010 WL 4159391, at *3 (S.D.N.Y. Sept. 30, 2010); Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012)). Thus, where a plaintiff may recover overtime under either statute, he may recover under the statute that affords him the greater recovery.

Both the NYLL and the FLSA also allow plaintiffs to recover liquidated damages. Under the FLSA, a plaintiff who demonstrates that he was improperly denied overtime may recover, in addition to unpaid wages, an amount equal to the unpaid wages—unless his employer demonstrates that it acted in good faith and had reasonable grounds for believing that it had not violated the FLSA. 29 U.S.C. § 260. Liquidated damages under the NYLL are discussed below.

**b. Retroactivity**

Prior to November 24, 2009, the New York Labor Law provided that employees could recover liquidated damages of 25 percent of wages owed, if they could show that their employers willfully violated the law. Chenensky v. New York Life Ins. Co., No. 07 Civ. 11504 (WHP), 2012 WL 234374, at *2 (S.D.N.Y. Jan. 10, 2012). Effective that date, the NYLL was amended to modify the willfulness requirement, instead placing the burden on employers to avoid liquidated damages by demonstrating good faith. Id.; N.Y.L.L. § 198(1-a). The NYLL was further amended the next year, so that effective April 9, 2011, employees could recover liquidated damages of 100 percent of wages owed, unless their employer demonstrated good faith. Id. As the Second Circuit noted, the 2009 Amendment "expressly stated that it would only 'apply to offenses committed on or after such effective date.'" Gold v. New York Life Ins. Co., 730 F.3d 137, 143 (2d Cir. 2013) (quoting A.B. 6963, 232nd Legis., Reg. Sess. (N.Y. 2009)). While the 2011 Amendment did not

expressly address retroactivity, the Second Circuit found "no support for retroactivity in either the text or the legislatively history" and held "that the 2011 amendment was not retroactive." Id.

In line with the Second Circuit's holding, neither Amendment applies retroactively and so the Court must separately analyze the amount of liquidated damages in three relevant time periods. For the labor law violations that occurred prior to November 24, 2009, plaintiffs generally may only recover liquidated damages of 25 percent of wages owed and they may only recover if they can show that their employers willfully violated the NYLL. Because the Court previously found that Plaintiffs did not establish that Defendant willfully violated the NYLL, plaintiffs may not recover liquidated damages under the NYLL for violations occurring prior to November 25, 2009. (Summ. J. Order, 15).  For the labor law violations that occurred between November 25, 2009, and April 8, 2011, plaintiffs generally may only recover liquidated damages of 25 percent of wages owed, but the burden is placed on their employers to avoid liquidated damages by demonstrating good faith. As Defendant did not meet that burden here, Plaintiffs may recover liquidated damages. (Summ. J. Order, 16). Finally, for labor law violations that occurred on or after April 9, 2011, plaintiffs generally may recover liquidated damages of 100 percent of wages owed, unless their employers demonstrate good faith. Again, Defendant did not meet that burden here, so Plaintiffs may recover liquidated damages. (Id.)

### c.  Double Recovery

In addition to the question of retroactivity of the NYLL's liquidated damages provisions, the Court must determine whether to award liquidated damages under the NYLL, the FLSA, or both. Plaintiffs urge the Court to allow recovery under both statutes. (Pl.'s Supp. Mot., 7.) "Courts in the Second Circuit are divided over whether a plaintiff may recover liquidated damages under both FLSA and the NYLL, but allowing recovery under both statutes appears to

4

be the majority approach." Tackie v. Keff Enterprises LLC, No. 14 Civ. 2074 (JPO), 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014) (citing Lopez v. A. Napco & Son Inc., —— F.Supp.2d ——, 2014 WL 3893234, *1 (E.D.N.Y. Aug. 7, 2014) (denying recovery under both statutes); Jaramillo v. Banana King Rest. Corp., No. 12 Civ. 5649 (NGG), 2014 WL 2993450, at *6 (E.D.N.Y. July 2, 2014) (allowing recovery under both statutes and collecting cases)) (internal citation omitted).

The majority approach is compelling: the Supreme Court has found that liquidated damages under the FLSA are compensatory, Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583 (1942), whereas the Second Circuit and New York state courts have found that liquidated damages under the NYLL are punitive. Reilly v. Natwest Markets Grp ., Inc., 181 F.3d 253, 265 (2d Cir. 1999); Carter v. FritoLay, Inc., 74 A.D.2d 550 (1st Dep't 1980), aff'd, 52 N.Y.2d 994 (1981)). Because the two types of liquidated damages are "not functional equivalents," a plaintiff may recover both. Reilly, 181 F.3d at 265. See also Yu Y. Ho v. Sim Enterprises, Inc., No. 11 Civ. 2855 (PKC), 2014 WL 1998237, at *19 (S.D.N.Y. May 14, 2014) (collecting cases). The Court will allow Plaintiffs to recover liquidated damages under both the NYLL and the FLSA.

### d. Prejudgment Interest

Finally, the Court must determine whether the plaintiffs may recover prejudgment interest, in addition to liquidated damages, under the NYLL.[1] As discussed above, liquidated damages under the NYLL are punitive, rather than compensatory. See Reilly, 181 F.3d at 265. Therefore, courts in the Second Circuit have found that "plaintiffs are entitled to prejudgment

---

[1] Plaintiffs, citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945), concede that they may not recover prejudgment interest in addition to liquidated damages under the FLSA. (Pl.'s Supp. Mot. 8). The Court agrees with Plaintiffs' assessment. See Thomas v. iStar Fin., Inc., 652 F.3d 141, 150 n. 7 (2d Cir. 2011) ("[T]he FLSA does not allow for any prejudgment interest where plaintiffs also receive liquidated damages . . .").

interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under FLSA." Tackie, 2014 WL 4626229, at *5; see also Yuquilema v. Manhattan's Hero Corp., No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106 ("[A] plaintiff is entitled to an award of prejudgment interest on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed, that is, the portion of compensatory recovery arising under state law" (internal quotation marks and citations omitted)); Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). In line with these cases, the Court will award prejudgment interest to plaintiffs for those claims for which liquidated damages pursuant to the FLSA were not assessed.

New York's statutory prejudgment interest rate is nine percent. N.Y. C.P.L.R. § 5004. The statute provides that where damages were incurred at various times, interest may be computed from "a single reasonable intermediate date" between the dates on which plaintiff began to incur damages and ceased incurring damages. N.Y. C.P.L.R. § 5001(b). In wage and hour cases, courts often use the midpoint of the plaintiff's employment within the limitations period. See Tackie, 2014 WL 4626229, at *6; see also Yuquilema, 2014 WL 4207106 at *12 ("In determining the appropriate midpoint date, courts commonly look for the median date between the earliest ascertainable date the cause of action existed and the date the action was filed or last date the cause of action existed") (quoting Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76, 93 (E.D.N.Y.2012) (internal quotation marks and alteration marks omitted); Gunawan, 897 F.Supp. at 93 (collecting cases). Plaintiffs also suggest this approach. (Pl.'s Supp. 9). Therefore, the Court will adopt it.

 **e. Attorneys' Fees**

Under both the FLSA and the NYLL, a prevailing plaintiff may recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); NYLL § 198. Though district courts have broad discretion in setting an award fee, they must clearly and concisely state reasons supporting the award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) ("We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and . . . what essentially are factual matters.'") (quoting Hensley). Courts ordinarily award a lodestar fee, calculated by multiplying the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively. See Anthony v. Franklin First Financial, Ltd., 844 F.Supp.2d 504, 507 (2d Cir. 2012); Millea v. Metro–North R.R., 658 F.3d 154, 166 (2d Cir. 2011); Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). In order to receive attorneys' fees, the prevailing party must produce "contemporaneous time records indicating for each attorney, the date, the hours expended, and the nature of the work done." Scott v. City of New York, 626 F.3d 130, 133–34 (2d Cir. 2010).

## II.  Plaintiffs' Awards

In line with the above-discussed principles, the Court will now calculate damages. Preliminarily, the Court notes that in line with its earlier Order, Plaintiffs' FLSA recovery is limited to the two years preceding the filing of their complaint. (Summ. J. Order, 15). However, that statute of limitations affects only Plaintiffs' recovery of liquidated damages under the FLSA, as the NYLL affords a six-year statute of limitations period and plaintiffs may recover under the statute that provides for the greatest relief. See Eschmann, 2014 WL 1224247, at *7. As for the liquidated damages awards under the NYLL, Plaintiffs may only recover for violations occurring after November 24, 2009, as Plaintiffs did not establish that their employers' violations of the

NYLL were willful, as required by the pre-2009 version of the liquidated damages provision. (Summ. J. Order, 15). Finally, Plaintiffs may recover prejudgment interest under the NYLL only on "unpaid wages . . . for which liquidated damages pursuant to the FLSA were not assessed." Maldonado, 2012 WL 1669341, at *10 (quoting Santillan, 822 F.Supp.2d at 298). This means Plaintiffs may only collect prejudgment interest on the overtime pay to which they were entitled under the NYLL but which was barred by the FLSA statute of limitations—that is, overtime pay that accrued prior to October 16, 2011. The Court's full calculations are attached as an appendix.

### a. Gong Shao Chen

Gong Shao Chen was employed from April 2009 to March 19, 2013.[2] (Gong Shao Chen Decl. ¶ 2.) He worked 78 hours a week, at a wage of $10 an hour, and he received the same wage for all hours worked. (Gong Shao Chen Decl. ¶¶ 3-4.) He was entitled to overtime pay of 150 percent of his normal wage, or $15 an hour. That leaves a difference of $5 an hour.

- Unpaid Overtime: **$39,302.86**

- Liquidated Damages Under the FLSA: **$14,114.29**[3]

- Liquidated Damages Under the NYLL:

  o November 25, 2009, to April 8, 2011: **$3,386.07**

  o April 9, 2011, to March 19, 2013: **$19,271.43**

---

[2] "Given Defendant's record-keeping failures, Plaintiffs have carried their burden of proof as to the hours they worked and the compensation they received. The law does not require Plaintiffs to recall exact dates, exact hours, or exact amounts of wages received. Here, Plaintiffs have provided a reasonable estimate of the dates and hours they worked, and the pay they received. Such a reasonable estimate is sufficient based on their testimony alone." See Amaya v. Superior Tile & Granite Corp., No. 10 Civ. 4525 (PGG), 2012 WL 130425, at *8 (S.D.N.Y. Jan. 17, 2012) (collecting cases). Where the Plaintiff does not provide an exact date, the Court has calculated damages from the first of that month, as other courts have done. See, e.g., id. at *3; Guallpa v. N.Y. Pro Signs Inc., No. 11 CIV. 3133 (LGS) (FM), 2014 WL 2200393, at *5 (S.D.N.Y. May 27, 2014).

[3] Gong Shao Chen may only receive liquidated damages under FLSA for the period of October 16, 2011, to March 19, 2013, due to the two-year statute of limitations.

- Prejudgment Interest Under the NYLL: The midpoint of Gong Shao Chen's employment within the limitations period is March 26, 2011. As calculated above, he is entitled to a total of $39,302.86 in unpaid wages. Subtracting the portion for which he is entitled to federal liquidated damages, $25,188.57 is the principal to which the nine percent annual interest rate should be applied, from March 26, 2011, to the date judgment is entered. He is entitled to $10,862.83 through January 8, 2016, and a daily rate of $6.21 for each day thereafter until the date of judgment.

### b. Shi Chen

Shi Chen was employed from April 3, 2011, to August 13, 2013. (Shi Chen Decl. ¶ 2.) He worked 85 hours a week. (Shi Chen Decl. ¶ 3). From April 3, 2011, to April 2013, he received a wage of $10 an hour, and he received the same wage for all hours worked. (Shi Chen Decl. ¶ 4.) For this period of time, Chen was entitled to overtime pay of 150 percent of his normal wage, or $15 an hour. That leaves a difference of $5 an hour. From April 2013 to August 13, 2013, he received a wage of $11 an hour, and he received the same wage for all hours worked. (Shi Chen Decl. ¶ 5.) For this period of time, Chen was entitled to overtime pay of 150 percent of his normal wage, or $16.50 an hour. That leaves a difference of $5.50 an hour.

- Unpaid Overtime:
  - April 3, 2011, to April 1, 2013: **$23,432.14**
  - April 2, 2013, to August 13, 2013: **$4,702.50**
- Liquidated Damages Under the FLSA:[4]
  - October 16, 2011, to April 15, 2013: **$17,132**
  - April 16, 2013, to August 13, 2013: **$4,702.50**

---

[4] Shi Chen may only receive liquidated damages under FLSA for the period of October 16, 2011, to August 13, 2013, due to the two-year statute of limitations.

9

- Liquidated Damages Under the NYLL:

    o April 3, 2011 to April 8, 2011: **$40.18**

    o April 9, 2011 to April 1, 2013: **$23,239.29**

    o April 2, 2013 to August 13, 2013: **$4,702.50**

- Prejudgment Interest Under the NYLL: The midpoint of Shi Chen's employment is June 7, 2012. As calculated above, he is entitled to a total of $28,134.64 in unpaid wages. Subtracting the portion for which he is entitled to federal liquidated damages, $6,300.00 is the principal to which the nine percent annual interest rate should be applied, from June 7, 2012, to the date judgment is entered. He is entitled to $2,034.99 through January 8, 2016, and a daily rate of $1.55 for each day thereafter until the date of judgment.

### c.  De Xing Han

Han was employed from May 26, 1995 to August 14, 2013. (Han Decl. ¶ 2.) From 1995 until 2004, he worked 60 hours a week. (Han Decl. ¶ 3.) From 2004 to April 2013, he worked 40 hours a week. (Han Decl. ¶ 3.) From April 2013 to July 2013, he worked 60 hours a week. (Han Decl. ¶ 3.) At all times, he was paid $950 a week, regardless of how many hours he worked. (Han Decl. ¶ 4.) "An employer is not exempt from paying overtime wages merely because it pays the employee a weekly salary." Amaya, 2012 WL 130425, at *9.

Under the NYLL, Ni may only recover for the six years preceding the filing of the complaint—from October 16, 2007, until his employment ended in August 2013. Within that time period, he only worked overtime from April 2013 to July 2013. To calculate Han's damages for that time period, the Court must first determine Han's hourly rate, by dividing the gross wages he received each week by the number of hours he worked. Han was paid $950 for a 60-

hour workweek. Accordingly, his hourly rate was approximately $15.83. For his overtime hour, Han was owed 150 percent of that, or $23.75. That leaves a difference of $7.91.

- Unpaid Overtime: **$2,056.60**

- Liquidated Damages Under the FLSA: **$2,056.60**

- Liquidated Damages Under the NYLL: **$2,056.60**

- Prejudgment Interest Under the NYLL: Because liquidated damages pursuant to the FLSA were assessed for all of Han's overtime wage claims, he is not entitled to any prejudgment interest.

### d. Jing Tian Jiang

Jiang was employed from April 18, 2013, to August 2013. (Jiang Decl. ¶ 2.) He worked 60 hours a week, at a wage of $11 an hour, and he received the same wage for all hours worked. (Jiang Decl. ¶¶ 3-4.) He was entitled to overtime pay of 150 percent of his normal wage, or $16.50 an hour. That leaves a difference of $5.50 an hour.

- Unpaid Overtime: **$1,650.00**

- Liquidated Damages Under the FLSA: **$1,650.00**

- Liquidated Damages Under the NYLL: **$1,650.00**

- Prejudgment Interest Under the NYLL: Because liquidated damages pursuant to the FLSA were assessed for all of Jiang's overtime wage claims, he is not entitled to any prejudgment interest.

### e. Min Gui Ni

Ni was employed from August 2004 to August 2013. (Ni Decl. ¶ 2.) He worked 78 hours a week. (Ni Decl. ¶ 3.) From 2004 to May 2008, he received a wage of $8 an hour, and he received the same wage for all hours worked. (Ni Decl. ¶ 4.) For this period of time, Ni was

entitled to overtime pay of 150 percent of his normal wage, or $12 an hour. That leaves a difference of $4 an hour. From May 2008 to August 2013, he received a wage of $10.50 an hour, and he received the same wage for all hours worked. (Ni Decl. ¶ 5.) Ni was entitled to overtime pay of 150 percent of his normal wage, or $15.75 an hour. That leaves a difference of $5.25 an hour. Under the NYLL, Ni may only recover for the six years preceding the filing of the complaint. This means he may recover damages incurred on or after October 16, 2007, until his employment ended in August 2013.

- Unpaid Overtime:
    - October 16, 2007, to May 15, 2008: **$4,299.43**
    - May 16, 2008, to August 15, 2013: **$54,634.50**
- Liquidated Damages Under the FLSA: **$18,667.50**[5]
- Liquidated Damages Under the NYLL:
    - November 24, 2009, to April 8, 2011: **$3,562.50**
    - April 9, 2011, to August 15, 2013: **$24,082.50**
- Prejudgment Interest Under the NYLL: The midpoint of Ni's employment within the limitations period is September 8, 2010. As calculated above, he is entitled to a total of $58,933.93 in unpaid wages. Subtracting the portion for which he is entitled to federal liquidated damages, $40,266 is the principal to which the nine percent annual interest rate should be applied, from September 8, 2010, to the date judgment is entered. He is entitled to $19,341 through January 8, 2016, and a daily rate of $9.93 for each day thereafter until the date of judgment.

   **f.  Da Yu Zheng**

---

[5] Shi Chen may only receive liquidated damages under FLSA for the period of October 16, 2011, to August 15, 2013, due to the two-year statute of limitations.

Zheng was employed from July 9, 2013, to August 14, 2013. (Zheng Decl. ¶ 2.) He worked 60 hours a week, at a wage of $11 an hour, and he received the same wage for all hours worked. (Zheng Decl. ¶¶ 3-4.) He was entitled to overtime pay of 150 percent of his normal wage, or $16.50 an hour. That leaves a difference of $5.50 an hour.

- Unpaid Overtime: **$566**

- Liquidated Damages Under the FLSA: **$566**

- Liquidated Damages Under the NYLL: **$566**

- Prejudgment Interest Under the NYLL: Because liquidated damages pursuant to the FLSA were assessed for all of Zheng's overtime wage claims, he is not entitled to any prejudgment interest.

### g. Zhen Zhai Wu

Wu was employed from July 2005 to April 2010. (Wu Decl. ¶ 2.) He worked 60 hours a week. (Wu Decl. ¶ 3.) From April 2007 to April 2008, he was paid at a wage of $8.75 an hour, and he received the same wage for all hours worked. (Wu Decl. ¶ 4.) He was entitled to overtime pay of 150 percent of his normal wage, or $13.12 an hour. That leaves a difference of $4.38 an hour. From April 2008 to April 2009, he was paid at a wage of $9.25 an hour, and he received the same wage for all hours worked. (Wu Decl. ¶ 5.) He was entitled to overtime pay of 150 percent of his normal wage, or $13.88 an hour. That leaves a difference of $4.63 an hour. From April 2009 to April 2010, he was paid at a wage of $10 an hour, and he received the same wage for all hours worked. (Wu Decl. ¶ 6.) He was entitled to overtime pay of 150 percent of his normal wage, or $15 an hour. That leaves a difference of $5 an hour. Because Wu's employment ended more than two years before the filing of the complaint, he may only recover under the

NYLL and not the FLSA. Under the NYLL, he may recover for six years prior to the filing of the complaint.

- **Unpaid Overtime:**
    - October 16, 2007, to April 15, 2008: **$2,102**
    - April 16, 2008, to April 15, 2009: **$4,815**
    - April 16, 2009, to April 15, 2010: **$5,200**
- Liquidated Damages Under the NYLL: **$454**
- Prejudgment Interest Under the NYLL: The midpoint of Wu's employment within the limitations period is January 7, 2009. As calculated above, he is entitled to a total of $12,117.60 in unpaid wages. This is the principal to which the nine percent annual interest rate should be applied, from January 7, 2009, to the date of judgment. He is entitled to $7640.06 through January 8, 2016, and a daily rate of $2.99 for each day thereafter until the date of judgment.

### III. Attorneys' Fees and Costs

Finally, the Court turns to Plaintiffs' counsel's application for attorneys' fees and costs, which Defendants have not contested. Plaintiffs' counsel has requested an hourly rate of $300 for one partner; $250 for two senior associates; $225 for one junior associate; and $120 for summer paralegals and law clerks. (Heng Wang Aff. ¶ 7.) "A reasonable hourly rate is a rate in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984) (internal quotation marks and alteration marks omitted). "Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past

ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." Torres v. Gristede's Operating Corp., No. 04 Civ. 3316 (PAC), 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012) aff'd, 519 F. App'x 1 (2d Cir. 2013) (citing Clover v. Shiva Realty of Mulberry, Inc., No. 10 CIV. 1702 RPP, 2011 WL 1832581, at *1 (S.D.N.Y. May 13, 2011)); see also id. (collecting cases); Cao v. Wu Ye Lexington Rest., Inc., No. 08 Civ. 3725 (Chin, J.), 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010) ("The rates sought by plaintiffs' counsel ($400 for partners, $350 for litigation counsel, $300 for associates with three to seven years' experience, and $200 for associates with one to two years' experience) are consistent with (or lower than) the rates used in other cases involving attorney fee awards to large New York firms on pro bono matters."). In light of the prevailing rates in this District, the Court finds the rates requested by Plaintiffs' counsel to be reasonable.

Counsel has also provided contemporaneous billing records, for 176.3 hours of work. (Mot. Atty. Fees, Exh. A, 24.) In determining the number of hours reasonably expended, a court must consider both the "contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983), and "its own familiarity with the case and its experience with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

The amount of time expended here was reasonable. The litigation lasted more than two years and involved eight plaintiffs. The parties were engaged in discovery for more than six months, and Defendants were delinquent in their production on multiple occasions, resulting in Plaintiffs filing motions to compel. (ECF Nos. 17, 39.) In that same time period, the parties also litigated a motion by defendants to file an amended answer. (ECF No. 41.) Throughout, counsel had to translate documents produced by Defendants from Chinese and into English, and translate for many of their clients. (Hang Wang Aff. ¶ 5.) After settlement negotiations failed, the parties litigated the motion for summary judgment, on which Plaintiffs prevailed in substantial part. Given the length and scope of the litigation, and based on the detailed contemporaneous time records submitted by counsel, the Court finds the hours expended to be reasonable and consistent with the time expended in other FLSA cases. See Bazignan v. Team Castle Hill Corp., No. 13 Civ. 8382 (PAC), 2015 WL 1000034, at *5 (S.D.N.Y. Mar. 5, 2015) (finding 118 hours reasonable, in a case that lasted a year and a half, and "involved limited discovery, no depositions, and no substantive motions . . ."); Easterly v. Tri-Star Transp. Corp., No. 11 Civ. 6365 VB, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) (finding 151 hours reasonable, in a case that lasted two and a half years, and required "time spent on the complaint, the exchange of discovery, the default motion, and this damages inquest," as well as "time on related matters including discovery disputes, settlement discussions, depositions, a summary judgment motion, the bankruptcy of individual defendants, and withdrawal of opposing counsel.")

Plaintiffs also seek to recover $579.78 in litigation costs and fees. A prevailing plaintiff in an action under the FLSA or the NYLL is entitled to recover costs from the defendant. 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1). "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." Teamsters Local 814 Welfare Fund v.

Dahill Moving & Storage Co., 545 F.Supp.2d 260, 269 (E.D.N.Y.2008) (citing Tips Exports, Inc.

v. Music Mahal, Inc., No. 01 Civ. 5412 (SJF) (VVP), 2007 WL 952036, at *11 (E.D.N.Y. Mar.

27, 2007)). Plaintiffs' costs here include a $400 filing fee, as well as the costs of mailing, legal

research, and service. (Exh. A, 24-26). These costs are documented both by Counsel's sworn

affidavit and in contemporaneous billing expenses. (Id.; Heng Wang Aff., ¶ 9.) Therefore, the

Court awards these costs.

Accepting counsel's fee and hour calculations as reasonable, the Court awards attorney's

fees in the amount of $44,602.50, and costs in the amount of $579.78. Together, this amounts to

$45,182.28.

## CONCLUSION

For the reasons set forth above, the Court hereby orders that the Clerk of Court shall enter

judgment for Plaintiffs against Defendant as follows:

1. **Gong Shao Chen**

    Damages: $76,074.64

    Prejudgment Interest, up to January 8, 2016: $10,862.83, and at a daily rate of $6.21

    thereafter until the date of judgment.

2. **Shi Chen**

    Damages: $77,951.25

    Prejudgment Interest, up to January 8, 2016: $2,034.99, and at a daily rate of $1.55

    thereafter until the date of judgment.

3. **De Xing Han**

    Damages: $6,169.80

4. **Jing Tiang Jiang**

Damages: $4,950.00

5. **Min Gui Ni**

Damages: $105,246.43

Prejudgment Interest, up to January 8, 2016: $19,341.12, and at a daily rate of $9.93

thereafter until the date of judgment:

6. **Da Yu Zheng**

Damages: $1,697.14

7. **Zhen Zhai Wu**

Damages: $12,571.17

Prejudgment Interest, up to January 8, 2016: $7640.06, and at a daily rate of $2.99

thereafter until the date of judgment:

The Clerk shall also enter judgment for Plaintiffs against Defendant for $45,182.28 in attorneys'

fees and costs.

**SO ORDERED.**

**Dated:** January 27, 2016

New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**